IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

No. 5:08-CV-00220-FL

| | |
|---|---|
| OCWEN LOAN SERVICING, LLC as authorized servicer and on behalf of HSBC Bank, USA, N.A., as Trustee for the registered holders of ACE Securities Corp. Home Equity Loan Trust Series 2005-HE3, | |
| Plaintiff, | |
| v. | **MEMORANDUM & RECOMMENDATION** |
| ROSA BURWELL, CLINT F. BURWELL, SHAWN VALENTINE, ANITA O. KING, and AMERICA'S WHOLESALE LENDER d/b/a Countrywide Home Loans, Inc. | |
| Defendants, | |
| AMERICA'S WHOLESALE LENDER d/b/a Countrywide Home Loans, Inc. | |
| Third Party Plaintiff, | |
| v. | |
| MICHELLE HESS and BRANDIE VALENTINE | |
| Third-Party Defendants. | |

This matter is before the Court on the Motion for Summary Judgment by Plaintiff Ocwen Loan Servicing, LLC as authorized servicer and on behalf of HSBC Bank, USA, N.A., as Trustee for the registered holders of ACE Securities Corp. Home Equity ("Ocwen") against all Defendants. [DE-82]. In addition, Defendant Countrywide Home Loans, Inc. ("Countrywide")

filed a Motion for Summary Judgment on its Second Third-Party Complaint against Michelle L. Hess and its Crossclaim for unjust enrichment against Rosa Burwell and Clint F. Burwell. [DE-91]. Finally, Countrywide filed a Motion for Summary Judgment against Rosa Burwell and Clint F. Burwell. [DE-113]. These matters are now ripe for ruling.

## STATEMENT OF THE CASE

Ocwen filed this Declaratory Judgment action against Defendants in order to assert its priority lien status with regard to a piece of property purchased by Rosa and Clint Burwell located at 2632 Loring Lake Drive, Wake Forest, North Carolina ("Loring Lake Property"). The Burwells sold the Loring Lake Property and received $387,952.45 at closing, but they did not use this money to pay off their note and deed of trust. Ocwen, the servicer of the loan, did not receive payment due to a fraudulent Deed of Full Reconveyance and Certificate of Satisfaction, which was filed with the Wake County Register of Deeds. Countrywide provided the financing for the subsequent purchaser of the Loring Lake Property. Countrywide filed a crossclaim against the Burwells and a third-party complaint against Michelle Hess, the lawyer that handled the closing, in order to recoup losses sustained in connection with the sale of the property and its lien position.

The Court held a hearing in the case on February 17, 2010, to facilitate its ruling in this Memorandum and Recommendation. Present at the hearing were Clint and Rosa Burwell (appearing pro se), counsel for Ocwen, and counsel for Countrywide.

## STATEMENT OF THE FACTS

On February 5, 2005, Rosa Burwell purchased property located at 2632 Loring Lake Drive, Wake Forest, North Carolina. Gina Johnson Aff. ¶ 4 [DE-82]. In order to do so, she executed a promissory note secured by a deed of trust for $498,750.00 to Finance America, LLC,

2

which was reassigned to HSBC Bank USA, N.A. as Trustee for the registered holders of the ACE Securities Corporation Home Equity Loan Trust Series 2005-HE3. Id. ¶ 5. Ocwen began servicing the loan for HSBC on February 25, 2005. Id. Although Rosa Burwell was listed as the sole borrower on the promissory note, both she and her husband, Clint F. Burwell, signed the deed of trust. Id. Ex.1A.

After purchasing the house, the Burwells rented it to a tenant. Rosa Burwell Dep. at 62 [DE-82]. The tenant failed to pay the rent, and the Burwells defaulted on payments to Ocwen. Gina Johnson Aff. ¶ 6. Ocwen then sent the Burwells a demand letter. Id. The Burwells stopped paying on the note as of August 1, 2006. Id. ¶ 7. On December 6, 2006, Ocwen filed a foreclosure action. Id. ¶ 8. The Burwells were aware of the foreclosure action and decided to put the home up for sale. Rosa Burwell Dep. at 70-71, 75. Rosa Burwell stated that she hired a real estate agent to handle the sale of the home. Id. at 75. She remained completely uninvolved in the pricing and marketing of the home, and had no knowledge of offers made. Id. at 79-80. During the pendency of the foreclosure, Rosa Burwell and her real estate agent contacted Ocwen numerous times to see if it would be possible for her to receive a discounted payoff agreement for the home. Gina Johnson Aff. ¶ 9. Ocwen sent the Burwells a discount payoff agreement on January 31, 2007. Id.

On Feburary 9, 2007, a Deed of Full Reconveyance was filed with the Wake County Register of Deeds purporting to reconvey without warranty the property to Rosa Burwell. Id. at 10, Ex. 1B. The Deed of Full Reconveyance states that Ocwen is the appointed Successor Trustee under the Deed of Trust and has received a written request from the Beneficiary to reconvey the property to Rosa Burwell. Id. The Beneficiary is not named. Id. The Deed of Full Reconveyance was executed by Jeremy Tuttle, Assistant Vice President. Id. ¶ 11, Ex. 1B. A

3

person by the name of Jeremy Tuttle has never worked for Ocwen, and the position of "Assistant Vice President" does not exist. Id. ¶ 11. The document was filed without the consent or knowledge of Ocwen. Id.

On February 20, 2007, a Certificate of Satisfaction was field with the Wake County Register of Deeds purporting to release any and all claims arising from the promissory note or Deed of Trust executed by Rosa Burwell. Id. Ex. 1C. The Certificate of Satisfaction names "Ocwen Loan Servicing" as the Trustee and "Ocwen Home Loans" as the Beneficiary. Id. ¶ 12, Ex. 1C. It was executed by Joel Dunn, Assistant Vice President. Id. A person by the name of Joel Dunn has never worked for Ocwen, and the position of "Assistant Vice President" does not exist. Id. ¶ 12. The document was filed without the consent or knowledge of Ocwen. Id.

On February 27, 2007, the Burwells sold their home to Defendant Shawn Valentine. Rosa Burwell Dep. at 79; Steele Dep. at 41. Valentine received a loan for $437,500.00 from Defendant Countrywide Home Loans, Inc. to purchase the property. Def. Countrywide Home Loans, Inc. Resp. to Pl.'s Interrog. #4 [DE-84], Def. Countrywide Home Loans, Inc. Crossclaim ¶ 12 [DE-60]. The closing was handled by lawyer Michelle Hess. Rosa Burwell Dep. at 96. Hess had a paralegal perform the title search. Hess Dep. at 102-03 [DE-91]. The Title Summary does not mention the Deed of Trust from Rosa Burwell to HSBC Bank, the Certificate of Satisfaction filed with the Register of Deeds, or the foreclosure action brought by Ocwen. Id.

Following the closing, Rosa Burwell received a wire transfer from Hess's office for $387,952.54. Rosa Burwell Dep. at 23-25. The Burwells did not use the money to pay off their note to Ocwen, but instead invested and spent this money, with the exception of $45,000.00 that was placed in escrow pending resolution of this action. Id. at 26; Rosa Burwell Aff. at 2 [DE-

4

113]. Ocwen has not been paid, and the note and deed of trust have not been satisfied. Gina Johnson Aff. ¶ 15.

## STANDARD OF REVIEW

Summary judgment is appropriate pursuant to Rule 56 of the Federal Rules of Civil Procedure when no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247 (1986). The party seeking summary judgment bears the initial burden of demonstrating the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986).

Once the moving party has met its burden, the non-moving party may not rest on the allegations or denials in its pleading, Anderson, 477 U.S. at 248, but "must come forward with 'specific facts showing that there is a genuine issue for trial.'" Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) (quoting Fed. R. Civ. P. 56(e)). As this Court has stated, summary judgment is not a vehicle for the court to resolve disputed factual issues. Faircloth v. United States, 837 F. Supp. 123, 125 (E.D.N.C. 1993). Instead, a trial court reviewing a claim at the summary judgment stage should determine whether a genuine issue exists for trial. Anderson, 477 U.S. at 249.

In making this determination, the court must view the inferences drawn from the underlying facts in the light most favorable to the non-moving party. United States v. Diebold, Inc., 369 U.S. 654, 655 (1962) (per curium). Only disputes between the parties over facts that might affect the outcome of the case properly preclude the entry of summary judgment. Anderson, 477 U.S. at 247-48. Accordingly, the court must examine "both the materiality and the genuineness of the alleged fact issues" in ruling on this motion. Faircloth, 837 F. Supp. at 125.

## DISCUSSION

### I. Motion for Summary Judgment by Ocwen [DE-82].

Ocwen filed the current Motion for Summary Judgment against all Defendants. None of the Defendants responded. Ocwen asserted that it is entitled to first lien priority on the Loring Lake Property and an award of damages because the Deed of Full Reconveyance and Certificate of Satisfaction were fraudulent and were filed without its consent.

At the hearing held on February 17, 2010, Ocwen stated that it had settled all of its claims in this action, and that it no longer wished to pursue its Summary Judgment Motion. In addition, it stated that it had assigned for value Rosa Burwell's note and the deed of trust on the Loring Lake Property to Countrywide. Accordingly, the Court **RECOMMENDS** that Ocwen's Motion for Summary Judgment be **DENIED AS MOOT**.

### II. Motion for Summary Judgment by Countrywide Home Loans Inc., on its Second Third-Party Complaint Against Michelle L. Hess and its Crossclaim for Unjust Enrichment Against the Burwells [DE-91].

Defendant Countrywide filed a Motion for Summary Judgment on its Second Third-Party Complaint against Michelle L. Hess and its Crossclaim for unjust enrichment against the Burwells. At the February 17, 2010 hearing, Countrywide stated that it had settled its claims against Hess. In conformity with this statement, Countrywide filed a Notice of Voluntary Dismissal of Claims Against Michelle L. Hess. [DE-115]. Pursuant to Rule 41(a)(1), a plaintiff may file a notice of dismissal only if the defendant has not yet served an answer or motion for summary judgment. Fed. R. Civ. P. 41(a)(1). Because Hess filed an answer to Countrywide's Third-Party Complaint [DE-72], the Court **RECOMMENDS** that Countrywide's Notice of Voluntary Dismissal of Claims Against Michelle L. Hess be construed as a motion for voluntary dismissal pursuant to Rule 41(a)(2). Because Countrywide and Hess have settled all matters

6

between them, the Court **RECOMMENDS** that Countrywide's Motion for Voluntary Dismissal be granted, which obviates the need to address this motion as it relates to Hess. Accordingly, the Court **RECOMMENDS** that Countrywide's Motion for Summary Judgment against Hess be **DENIED AS MOOT**.

Countrywide's Motion also addresses a crossclaim for unjust enrichment against the Burwells. The Burwells received a wire transfer of $387,952.54 from Hess for the sale of the Loring Lake Property. They did not use this money to pay off the promissory note to HSBC, but instead they invested and spent the money. Rosa Burwell Aff. at 26. Countrywide asserts that it is entitled to the $387,952.54 from the Burwells on unjust enrichment grounds. The Burwells did not respond to this motion. Countrywide filed a second Motion for Summary Judgment against the Burwells [DE-113], after it settled all matters with Hess, asserting that it is entitled to $177,000.00. Therefore, the Court will address Countrywide's claims against the Burwells in the context of Countrywide's second Motion for Summary Judgment. Accordingly, the Court **RECOMMENDS** that Countrywide's first Motion for Summary Judgment on its Crossclaim for unjust enrichment against the Burwells be **DENIED AS MOOT**.

### III. Motion for Summary Judgment by Countrywide Home Loans, Inc. against Rosa Burwell and Clint F. Burwell [DE-113].

Countrywide filed a second Motion for Summary Judgment against the Burwells. [DE-113]. In it, Countrywide asks the Court to enter judgment in its favor in the amount of $177,000.00 against the Burwells, jointly and severally. Countrywide's Mot. for Summ. J. at 1. Countrywide argues that it is entitled to $177,000.00 because the Burwells were unjustly enriched when they received $387,952.54 from Hess for the sale of the Loring Lake Property.

At the February 17, 2010 hearing, Countrywide asserted that it is entitled to a judgment of $387,952.45 under a theory of unjust enrichment, as Countrywide claimed in its first Motion

7

for Summary Judgment against the Burwells [DE-91]. However, Countrywide went on to explain that it had reduced its demand in the second Motion for Summary Judgment against the Burwells to only a portion of that amount and is now seeking judgment in the amount of $132,000.00[1] plus payment to Countrywide of the $45,000.00 held in escrow, which would be credited against the $132,000.00 judgment. The net result would be a balance on the judgment of $87,000.00 owed by the Burwells to Countrywide.

Unjust enrichment is an equitable doctrine in which a party is not allowed to retain a benefit at the expense of another without offering compensation. See Thormer v. Lexington Mail Order Co., 85 S.E.2d 140, 143 (N.C. 1954). In North Carolina, a claim for unjust enrichment lies "wherever one man has been enriched or his estate enhanced at another's expense under circumstances that, in equity and good conscience, call for an accounting by the wrongdoer." Id. Courts apply the doctrine of unjust enrichment in circumstances where no enforceable contract or agreement exists between the parties. Paul L. Whitfield, P.A. v. Gilchrist, 497 S.E.2d 412, 414-15 (N.C. 1998).

Here, Countrywide and the Burwells have no contractual relationship, and the Burwells admit that they did not pay off the note to HSBC and that they do not know of anyone who paid off the note for them. Rosa Burwell Dep. at 101. The Burwells received $387,952.54 for the sale of the Loring Lake Property when they knew that they had not satisfied the note and deed of trust on that property. Id. at 24. Consequently, the Court concludes that the Burwells were enriched by $387,952.45, money to which the Burwells were not entitled, at Countrywide's expense and that Countrywide would be entitled to a judgment in that amount had it not reduced its demand due to other considerations.

---

[1] Countrywide paid $132,000.00 to Ocwen in settlement of Ocwen's claims against Countrywide and to preserve Countrywide's deed of trust, which presumably would have been extinguished in the event Ocwen foreclosed on the Loring Lake Property. Countrywide's Memo. in Support at 3-4 [DE-114].

Accordingly, the Court **RECOMMENDS** that Countrywide's second Motion for Summary Judgment against Rosa Burwell and Clint F. Burwell [DE-113] be **GRANTED** in the amount of $132,000.00 and that the $45,000.00 held in escrow be paid to Countrywide and credited against the $132,000.00 judgment, leaving a judgment balance of $87,000.00.

## CONCLUSION

For the foregoing reasons, the Court **RECOMMENDS** as follows:

(1) That the Motion for Summary Judgment by Plaintiff Ocwen Loan Servicing, LLC as authorized servicer and on behalf of HSBC Bank, USA, N.A., as Trustee for the registered holders of ACE Securities Corp. Home Equity [DE-82] be **DENIED AS MOOT**;

(2) That Defendant Countrywide Home Loans, Inc.'s Motion for Summary Judgment on its Second Third-Party Complaint against Michelle L. Hess and its Crossclaim for unjust enrichment against Rosa Burwell and Clint F. Burwell [DE-91] be **DENIED AS MOOT**; and

(3) That Defendant Countrywide Home Loans, Inc.'s Motion for Summary Judgment against Third-Party Defendants Rosa Burwell and Clint F. Burwell [DE-113] be **GRANTED**, that a judgment of $132,000.00 be entered against the Burwells in favor of Countrywide, and that the $45,000.00 held in escrow be paid to Countrywide and credited against the $132,000.00 judgment, leaving a judgment balance of $87,000.00.

The Clerk shall send copies of this Memorandum and Recommendation to counsel for the respective parties, who have fourteen (14) days from the date of receipt to file written objections.

Failure to file timely written objections shall bar an aggrieved party from receiving a de novo review by the District Court on an issue covered in the Memorandum and, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions not objected to, and accepted by, the District Court.

This the 18th day of February, 2010.

DAVID W. DANIEL
United States Magistrate Judge